IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV62-03-MU

ANTHONY LEO WHITE, )
)
    Plaintiff, )
)
v. ) **O R D E R**
)
RICK HASSON; DONNIE DELLINGER );
DAVID WARLOCK; CALE JOHNSON, )
)
    Defendants. )
_____ )

**THIS MATTER** comes before the Court on initial review of Plaintiffs' Complaint under 42 U.S.C. § 1983, filed March 12, 2010. (Document No. 1.)

In his Complaint Plaintiff contends on July 15, 2004, Defendants violated his Fourth, Fifth and Fourteen Amendment rights. Specifically he argues that on July 15, 2004, Defendants executed a three-year old civil drug tax lien warrant on him.[1] The Defendants "unlawfully entered upon the posted private property of the owner and continued to the back of the residence to knock on the door. After not receiving an answer, they decided to extend their unlawful entry into the posted private property, the immediate backyard (cartilage) without the proper authority of a search and/or arrest warrant and without any consent of rightful owner. This was not a public place of business and cartilage was completely obstructed from any passer byes or public view." (Complaint at 5.) Plaintiff contends that during this "search," in which Defendants performed an illegal "protective sweep," Defendants violated his Fourth Amendment rights and also stole and destroyed property.

_____

[1] Plaintiff also argues that he had "no chance to review the nature of the assessment . . . [d]epriving [him] of a hearing before seizing property.

1

After the illegal protective sweep, Defendants then applied for a search warrant "and the basis of affidavit clearly state the facts that were obtained in initial search, seizure, 'Fruits of a Poisonous Tree.' The law clearly and plainly states 'a lawful search must have 'No Connection' to the initial unlawful conduct by the offices." (Complaint at 6.) Finally, Plaintiff claims that his right to be free from double jeopardy was violated because he "had already been prosecuted to the fullest in Superior Court of Burke County on March 8, 2004 in a criminal proceeding for the offense under North Carolina General Statute 90 - 95(d)(4) Possession of Marijuana, thus placing plaintiff in jeopardy. The Drug Tax Assessment issued against the plaintiff for the same offense and subjecting plaintiff to another punishment in a separate proceeding placed plaintiff in Double Jeopardy when North Carolina Department of revenue Supervisor Cale Johnson seized property and monies from plaintiff the Double Jeopardy Clause became apparently attached." (Complaint at 6.)

Plaintiff seeks $500,000 per Defendant in compensatory damages per defendant and also asks for punitive damages for the pain and suffering, humiliation, and separation from life, family and freedom.

The Court is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and may dismiss those cases or claims which do not pass frivolity review. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (dismissal appropriate where claim "lacks ab arguable basis either in law or fact"); Neitzke v. Williams, 490 U.S. 319 (1989) (sua sponte dismissal appropriate where claim is based on a meritless legal theory). In other words, an action should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations

2

under Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. First, to the extent that this case is a proper § 1983 action, with respect to Plaintiff's claims regarding the service of his civil drug tax lien and subsequent search on July 15, 2004, it appears such claims would be barred by the three year statute of limitations. Indeed, Plaintiff is complaining about the execution of a civil drug tax lien on July 15, 2004. Because there is no federal statute of limitations for § 1983 actions, the state statute of limitations applies. In North Carolina, a three year personal injury statute of limitations applies. N.C. Gen. Stat. § 1-52(5); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). Plaintiff's claims regarding the execution of a civil drug tax lien and the subsequent search occurred more than three years ago and therefore are barred by the statute of limitations.[2]

Next, claims affecting the fact or duration of confinement generally may not be litigated through a §1983. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). A § 1983 action is not the appropriate vehicle to address Plaintiff's double jeopardy claim. Indeed "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ." Heck v. Humphrey, 512 U.S. 477, 486-87

---

[2] Because Plaintiff's Complaint does not include allegations surrounding his arrest nor does he even mention an arrest warrant, there can be no claim for false imprisonment/false arrest. Mitchell v. Aluisi, 872 F.2d 577, 579 (4th Cir. 1989). In any event, if Plaintiff had articulated facts to support such a claim, the claim would likely also be barred by the statute of limitations.

(1994). If the prisoner cannot make this showing, his claim is not cognizable. Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, the district court should dismiss the § 1983 action unless the petitioner can demonstrate that the conviction or sentence is already invalidated. Id.

Here, Plaintiff argues that his right to be free from double jeopardy was violated. Such claim would "necessarily imply" the invalidity of Plaintiff's conviction and Plaintiff has not demonstrated that his conviction has been invalidated. Therefore, this Court must dismiss this § 1983 action. Id.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Complaint is Dismissed for failure to state a claim for relief with respect to his double jeopardy claim and because his statute of limitations has expired with respect to his claims regarding the service of his civil drug tax lien and the subsequent search which occurred on July 15, 2004.

**SO ORDERED**.

Signed: March 16, 2010

Graham C. Mullen
United States District Judge